No 25-6042

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

———————

INNOVATIVE HEALTH, LLC,
*Plaintiff-Appellee,*

*v.*

BIOSENSE WEBSTER, INC.,
*Defendant-Appellant.*

———————

On Appeal from the United States District Court
for the Central District of California
No. 8:19-cv-1984-JVS
Hon. James V. Selna

———————

## MOTION FOR LEAVE TO FILE BRIEF FOR CONGRESSMAN NEAL DUNN AS *AMICUS CURIAE* IN SUPPORT OF APPELLEE AND AFFIRMANCE

———————

Stephen M. Duvernay
Jamie G. McWilliam
BENBROOK LAW GROUP, PC
701 University Avenue, Suite 106
Sacramento, CA  95825
(916) 447-4900
steve@benbrooklawgroup.com

Joel Thayer
THAYER PLLC
1255 Union Street NE
7th Floor
Washington, DC 20002
(760) 668-0934
jthayer@thayer.tech

*Counsel for Amicus Curiae*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 26.1 and 29(c)(1) of the Federal Rules of Appellate Procedure, counsel for *amicus curiae* hereby state that amicus is an individual and therefore has no parent corporations and has issued no stock.

## MOTION FOR LEAVE TO FILE AMICUS BRIEF OUT OF TIME

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), Representative Neal Dunn (R-FL) respectfully seeks leave to file the attached *amicus* brief supporting Plaintiff-Appellee Innovative Health, LLC. Innovative Health has consented to the brief's filing. Defendant-Appellant Biosense Webster, Inc. has not consented

Representative Neal Dunn is a Member of the United States Congress who has introduced and sponsored federal legislation protecting the right to repair across multiple sectors of the American economy. Congressman Dunn is the lead House sponsor of the REPAIR Act (H.R. 1566, 119th Cong.), which was advanced by the House Energy & Commerce Subcommittee on Innovation, Data, and Commerce in February 2026.

Congressman Dunn's perspective can assist this Court as it considers the consequences of the outcome of this case. To be able to deliver the best care to the most people at the lowest price, providers should not be denied the right to repair or reprocess their medical devices. Whether a dominant platform manufacturer may foreclose independent competition in aftermarket services—without antitrust consequence—directly determines whether the competitive ecosystem that Congress and the States have worked to protect through right-to-repair legislation and the Medical Device User Fee and Modernization Act of 2002 can survive.

1

To that end, the proposed brief first briefly describes the foundations of the right to repair as a foundational principle of free and competitive markets. It then lays out the many efforts taken by Congress to preserve the right to repair in different contexts. Given that backdrop, this case will have significant implications for the right to repair that will ripple through the Nation's economy.

Good cause exists for the Court to consider this motion out of time. *See* Fed. R. App. P. 26(b). Pursuant to Federal Rule of Appellate Procedure 29(a)(6), this brief was due two days ago, on May 27, 2026 (*i.e.*, seven days after Appellee's Answering Brief was filed, Dkt. 42.1). Due to personal health matters requiring the signer's attention, counsel for *amicus curiae* was unable to secure approval to file this motion and brief before the deadline despite diligent efforts. Biosense Webster will not be prejudiced by the brief delay since Biosense will have ample opportunity to respond to this brief, if it chooses to, in its reply brief.

Plaintiff-Appellee Innovative Health consents to the filing of the proposed *amicus* brief and does not object to the request to file the brief out of time.

Defendant-Appellant Biosense Webster does not consent to the filing of the proposed *amicus* brief and opposes the request to file a brief out of time.

Because the proposed *amicus* brief will assist the Court this motion should be granted, and the attached brief filed.

2

3

Dated:  May 29, 2026

Respectfully submitted,

Benbrook Law Group, PC
Stephen M. Duvernay
Jamie G. McWilliam

Thayer PLLC
Joel Thayer

s/ Stephen M. Duvernay
Attorneys for *Amicus Curiae*

3

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(a) because it contains 441 words, excluding exempted parts. This brief complies with the typeface and type style requirements of Fed. R. of App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated:  May 29, 2026

Respectfully submitted,

Benbrook Law Group, PC
Stephen M. Duvernay
Jamie G. McWilliam

Thayer PLLC
Joel Thayer

s/ Stephen M. Duvernay
Attorneys for *Amicus Curiae*

4