KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900
FACSIMILE:
(202) 326-7999

August 26, 2026

*Via CM/ECF*

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *Innovative Health, LLC v. Biosense Webster, Inc.*, No. 25-6042
Rule 28(j) Notice of Supplemental Authority

Dear Ms. Dwyer:

*Surgical Instrument Service Co. v. Intuitive Surgical, Inc.*, No. 25-1372 (9th Cir. Aug. 13, 2026) ("*SIS*"), supports affirmance of the jury's verdict in this case.

*SIS* held (at 31) that Intuitive "waived" its appellate challenge to the sufficiency of SIS's evidence of Intuitive's pre-2019 market power by not raising it in its Rule 50 motions. So here. Biosense's Rule 50(b) motion asserted that the alleged tying and tied products – clinical support and catheters – are not distinct. 1-SER-35-37. That argument is foreclosed by *Innovative I*. So Biosense tries to contort its argument into a supposedly new one: that clinical support and catheters are somehow distinct from one another yet part of a single "system" product market. If that argument is considered different, however, it is waived. So is Biosense's challenge to the jury's damages award, which Biosense was required to raise under Rule 50 because its argument is not purely legal. Answering Br. 74-79.

*SIS* also reaffirmed that the *Kodak/Epic* factors permit a plaintiff to establish liability "based on the defendant's market power in a single-brand aftermarket." Slip Op. 29-30. The Court (at 28 n.6) rejected Biosense's assertion (Opening Br. 36-37, 48-58) that single-brand aftermarkets are "disfavored." As explained

throughout Innovative's answering brief, the trial record here amply supports liability under the *Kodak/Epic* factors. The Court should affirm on that basis.

Finally, *SIS* confirms that the jury's verdict can be sustained because there was ample trial evidence of Biosense's market power in the cardiac-mapping-machine foremarket. Answering Br. 8, 20-21, 74-75 (citing evidence, including Biosense's 66% market share and entry barriers, *see* 6-ER-1028-31). Foremarket power is independently sufficient to define a single-brand aftermarket and sustain a jury verdict for abuse of power in such a market—without needing to prove the *Kodak/Epic* factors. *E.g.*, Slip Op. 29. Biosense's foremarket power thus disposes of Biosense's chief arguments on appeal, including its sufficiency challenge to Innovative's market definition, Answering Br. 56-57, and its sufficiency challenge to Innovative's damages evidence, which rests on the false premise of a competitive foremarket, *id.* at 74-79. The Court can affirm on that additional, independent ground.

Respectfully submitted,

/s/ *Derek T. Ho*
Derek T. Ho

*Counsel for Plaintiff-Appellee*
*Innovative Health, LLC*

cc: Counsel of Record

## CERTIFICATE OF COMPLIANCE

This letter has been prepared using Microsoft Word with a 14-point, proportionally spaced typeface. This letter complies with the length limit in Federal Rule of Appellate Procedure 28(j) and Ninth Circuit Rule 28-6 because the body of the letter contains fewer than 350 words.

Dated: August 26, 2026

/s/ *Derek T. Ho*
Derek T. Ho