KING & SPALDING

King & Spalding LLP
2601 Olive Street
Suite 2300
Dallas, TX 75201
Tel: +1 214 764 4600
Fax: +1 214 764 4601
www.kslaw.com

M. Sean Royall
Partner
sroyall@kslaw.com

September 3, 2026

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

***Re:*** ***Innovative Health, LLC v. Biosense Webster, Inc.*****, No. 25-6042 – Response to Appellee's Rule 28(j) Notice of Supplemental Authority**

Dear Ms. Dwyer:

Innovative brought a *Kodak*-style tying claim, arguing that Biosense tied one purported aftermarket product (clinical support) to force sales of another (catheters).

*Surgical Instrument Service Co. v. Intuitive Surgical, Inc.*, No. 25-1372 (9th Cir. Aug. 13, 2026) ("*SIS*"), dealt not with a *Kodak*-style claim but "a standard foremarket/aftermarket" claim challenging use of "market power in the foremarket" to force aftermarket sales. (Slip Op. 6, 20.)

If Innovative now seeks to advance an alternative foremarket/aftermarket tying theory, it is too late. The pretrial order and jury instructions made no mention of such a theory, nor did Innovative contend that Biosense conditioned machine sales on catheter purchases. Also, while in *SIS* "there [were] no meaningful alternatives in the foremarket" (*id.* at 29), Innovative told the jury, "if you are buying a new [mapping] system … you have a choice," referring to intense competition between Biosense and its rivals. (9-ER-1757.)

Innovative suggests that in a *Kodak*-style case "[f]oremarket power is independently sufficient to define a single-brand aftermarket." However, *SIS* holds only that where (unlike here) a plaintiff brings "a standard foremarket/aftermarket

tying claim" *and* shows foremarket power, *Kodak* aftermarket factors need not be proven. (Slip Op. 28-30.) That holding does not apply to Innovative's "*Kodak*-style" claim.

Innovative contends that Biosense "waived" any argument that "clinical support and catheters are … part of a single 'system' product market." Yet Biosense makes no such argument. It argues that clinical support, which all mapping system manufacturers provide for free in relation to procedures performed using their own equipment, is not a "product" at all but rather, as in *M.A.P. Oil*, a "marketing technique" to promote sales and usage of mapping machines. Biosense's Rule 50(b) motion expressly preserved this argument by repeatedly asserting that the proof at trial showed that "free clinical support" is not a "distinct product" and that Innovative "failed to prove a separate market." (1-SER-35-37.)

Finally, Innovative argues that Biosense "waived" its challenge to the damages award, but, following settled Ninth Circuit law, that error was fully preserved through Biosense's objection to the lower court's *Daubert* ruling. (Reply Br. 30-31 & 1-SER-27 n.1.)

Sincerely,

M. Sean Royall

*Counsel for Defendant-Appellant*
*Biosense Webster, Inc.*

cc: Counsel of Record

## CERTIFICATE OF COMPLIANCE

This letter has been prepared using Microsoft Word with a 14-point, proportionally spaced typeface. This letter complies with the length limit in Federal Rule of Appellate Procedure 28(j) and Ninth Circuit Rule 28-6 because the body of the letter contains fewer than 350 words.

Dated: September 3, 2026

/s/ *M. Sean Royall*
M. Sean Royall